## Administrators of William Young, deceased, *against* Thomas Stout.

### CERTIORARI.

To authorize a justice to enter an action "by agreement of the parties without process," under the 18th section of the act for the trial of small causes, (*Rev. Laws* 634,) the plaintiff and defendant should appear before the justice to manifest their consent, or some person on behalf of the plaintiff, having competent authority, and such authority should be verified before the justice.

The defendant can, with no propriety, become the representative of the plaintiff, more especially to communicate to the justice the agreement of the parties for the entry of an action.

A judgment rendered on the confession of the defendant in an action entered by consent of the parties, without process, and without the appearance of the plaintiff, or any person legally authorized to represent him before the justice, will be reversed on the application of the personal representatives of the defendant.

---

*Wall,* for the plaintiff.

*Saxton,* for the defendant.

EWING, C. J. After the names of the parties, and the style of action, the following entry was made by the justice on his docket, as appears by the transcript returned with the *certiorari :* "This action was entered on by the consent of the parties." Then follow a confession by the defendant, and a judgment for the amount confessed, with costs. In answer to a rule, the justice has certified that the defendant only, not the plaintiff, appeared before him; that he said he had been to the plaintiff, and on settlement had fallen in his debt, for which they had agreed he was to confess a judgment; that he gave to the justice an instrument of writing signed by the plaintiff, which is in the ordinary form of a state of demand, with a note at the bottom that the defendant agreed to confess judgment before the justice for the above stated demand, with costs; and the justice says, that on his acquaintance with the hand-writing of the plaintiff, and on the confession of the defendant, he gave judgment.

This proceeding is entirely too loose and irregular to be supported. The statute provides that " where parties agree to enter, without process, an action before a justice of the peace," he shall proceed thereon. To make this agreement manifest before the justice, the plaintiff, as well as the defendant, should appear, or some person on behalf of the plaintiff having competent authority; and such authority should be verified before the justice. The defendant can, with no propriety, become the representative of the plaintiff, more especially to communicate to the justice the agreement of the parties for the entry of an action. Such a procedure would be open to the most dangerous abuse. A creditor might find a judgment in his favor, without his knowledge, for only the half of his demand, which would cost him the other half to annul, by legal measures. Nor could the writing, which the defendant delivered to the justice, serve the place of a proper representative of the plaintiff. It may, perhaps, be too severe a criticism to say, it contains no agreement for the entry of an action. But if it were, in this

respect, of the most full and formal character, the justice should not have received or acted upon it. Neither his belief that the paper was the hand-writing of the plaintiff, nor the assurance of the defendant was a legal verification; and even if verified, such a paper was not a proper authority for the entry of an action, nor a compliance with any construction which can safely be given to the statute.

The action, therefore, was entered without legal authority. A confession of judgment cannot be made in a justices' court, as has been several times decided, unless an action is depending there.

We have had some hesitation in yielding to the reversal of this judgment, at the instance of the party, or rather the administrators of the party, for the defendant, since the judgment has departed this life, on whose representation it was rendered. We are persuaded, however, that greater mischiefs would result from giving sanction to such illegality; and the duty of the justice certainly required him to have refused to enter the action.

Judgment reversed.